FILED     COPY

# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone (213) 625-3900
Facsimile (213) 625-1600

2011 MAY 13  PM 3:38

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

MARK J. GERAGOS (SBN 108325)
SHELLEY KAUFMAN (SBN 100696)
TAMAR G. ARMINAK (SBN 238677)
Attorneys for Plaintiff SONIHA
HERRERA and Proposed Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF LOS ANGELES

SONIA HERRERA, individually and
on behalf of all others similarly
situated,

                Plaintiffs,

     vs.

THE DIAL CORPORATION, an
Arizona corporation,

                Defendant.

Case CV11-4146 -RSWL/VBK

CLASS ACTION COMPLAINT FOR
DAMAGES:

1. Violations of Consumers Legal
   Remedies Act
2. Violations of Unfair Business
   Practice Act
3. Breach of Contract
4. Unjust Enrichment
5. Common Law Fraud
6. Breach of Warranty

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

Plaintiff, by and through her undersigned counsel, individually and on behalf of all California residents who purchased Dial Complete Antibacterial Hand Wash ("Dial Complete" or the "Product") during the Class Period defined below (collectively "Plaintiff"), for her Class Action Complaint against Defendant, The Dial Corporation ("Dial") on information and belief, the investigation of her counsel, and personal knowledge, states as follows:

## JURISDICTION AND VENUE

1.    This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds $5,000,000 and is a class action in which some members of the class are citizens of states different from the state where the Dial Corporation is a citizen.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District and Defendant:

    a)  is authorized to conduct business in this District and has intentionally availed itself to the laws and markets within this District through the promotion, marketing, distribution and sale of Dial Complete in this District;

    b)  currently does substantial business in this District; and

    c)  is subject to personal jurisdiction in this District.

## PARTIES

3.    At all times relevant to this matter, Plaintiff was and is a resident of Los Angeles County, California, and a citizen of California.  Plaintiff purchased Dial Complete from retail stores located in Los Angeles County on numerous occasions throughout the class period.   Plaintiff purchased and used Dial Complete because she saw and relied on the purported health benefits described by Defendant's website, advertising, and in-store media where she purchased Dial Complete, including product labeling.

4.    Plaintiff, on behalf of herself and all California residents who purchased Dial Complete (the "Class") during the Class Period, as further defined below, brings this class action against Defendant, The Dial Corporation.

5.    The Dial Corporation, the Defendant in this action, is incorporated

in the State of Delaware and is headquartered in Scottsdale, Arizona. Dial is a subsidiary of Henkel AG & Co., a Duesseldorf Germany-based, Fortune Global 500 Company.

## COMMON FACTUAL ALLEGATIONS

6.     Plaintiff's allegations are based in part on the investigation of  counsel, including but not limited to reviews of advertising and marketing material, public filings, articles, journal actions, and other publicly available information, and thus on information and belief, except as to the individual actions of Plaintiff, as to which Plaintiff has personal knowledge.

### *Defendant's Deceptive Message*

7.     Defendant advertises, promotes and sells a broad range of branded products throughout California and the United States, including body washes, bar soap, liquid hand soap and hand sanitizers, including its Dial Complete line of products, that are the subject of this lawsuit.

8.     The Product contains **Triclosan** as its active ingredient, which was originally developed as a surgical scrub for medical professionals.     In     recent years, it has been added to many consumer products such as soap and body washes, toothpaste, clothing, kitchenware, furniture and toys.

9.     Triclosan is a chlorophenol, a class of chemicals that is suspected of causing cancer in humans.  The Environmental Protection Agency ("EPA") has registered it as a pesticide and has rated it high for human health risk and environmental risk.

10.     Defendant's misleading marketing campaign begins with a deceptive name – Dial Complete—as it implies that it will completely protect you from germs. Defendant's exhaustive advertising campaign builds on this deception.  In truth, Defendant  has  no independent, competent and reliable support for these claims.

11.     Since 2001, Dial has deceptively and unfairly promoted the usage of Dial Complete to consumers as having special health benefits, including, but not limited to, being over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps, killing 99.99% of bacteria, kill 99.9% of illness-causing bacteria, reducing disease transmission by 50% compared to washing with a plain soap, and killing more germs than any other liquid hand soap.

12.     Dial deceptively and unfairly claims and implies that Dial Complete's active ingredient, Triclosan, enables Dial Complete to outperform other soap products, thus allowing Dial Complete to perform at the levels indicated by Dial, to wit: killing 99.99% of bacteria, kill 99.9% of illness-causing bacteria, being over 1,000 times more effective at killing disease- causing germs than other antibacterial liquid hand soaps, and reducing transmission of diseases by 50% compared to washing with a plain soap. (*See* http://www.dialcomplete.com/complete_facts.html.)

13.     Dial deceptively and unfairly claims and implies that Dial Complete prevents and protects consumers from diseases and illnesses, including but not limited to infectious disease, diarrhea and nausea.

14.     In addition, as shown above, Dial deceptively and unfairly claims and implies that Dial Complete prevents and/or protects consumers from contracting: streptococcal infections that can lead to illness through skin contact and cause fever, throat or skin infections; among other symptoms; Salmonella, which can infect people and cause fever, diarrhea and abdominal cramps; E. coli leading to infection causing severe bloody diarrhea and abdominal cramps; Staphylococcus aureus leading to food poisoning and can cause nausea, vomiting, stomach cramps and diarrhea in as little as 30 minutes.

//

//

4

15.     Dial deceptively and unfairly claims and implies that the statements about Dial Complete's health benefits and the superiority in quality of Dial Complete are backed by a competent, credible, and reliable study.   The advertisements for Dial Complete fail to disclose the specific limitations of the Dial study including: (a) that only 2 strains of bacteria were tested and (b) there was no determination as to the development of immunity by the bacteria after repeated use.   Moreover, Dial's study was performed by Dial itself or a related entity, is not objective

16.     In a promotional video targeting janitorial product suppliers, Defendant contends that Dial Complete has the "highest level of germ killing action", is the "#1 antibacterial foaming hand soap", and its "patented activated Triclosan formula" allows it to be "25x more effective than other antibacterial soaps."[1]

17.     Dial's marketing and advertising campaign sends an unmistakably clear, but an unconscionably deceptive and unfair message: Dial Complete is more effective at killing germs, protecting the consumer from germs, and thus preventing illness and promoting good health, than washing with less expensive plain soap and water.

### Defendant's Message is False, Misleading, Deceptive, Unfair and Unconscionable

18.     Defendant's advertising message ignores the well-supported fact that washing with soap and water is just as effective as washing with Dial Complete, which contains Triclosan and is more expensive than plain soap.

19.     Dial's claims about Dial Complete's effectiveness and superiority are false, deceptive, unfair and unconscionable because there is not sufficient,

---

[1] Dial Complete Foam promotional video, *available at:* http://www.youtube.com/watch?v=TjmKuREfGmQ

competent and/or reliable scientific evidence and/or substantiation for Dial Complete's effectiveness and superiority claims.

20.     Specifically, Defendant has no competent, credible and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and a reliable scientific evidence to substantiate the claims that Dial Complete is over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps, killing 99.99% of bacteria, kill 99.9% of illness-causing bacteria, reducing disease transmission by 50% compared to washing with a plain soap, and killing more germs than any other liquid hand soap.

21.     Defendant's purported scientific evidence is neither competent nor reliable scientific evidence.  Defendant does not possess any tests, analyses, research, or studies that have been conducted and evaluated in an objective manner.

22.     In fact, the competent and reliable scientific evidence indicates that Defendant's claims are false, deceptive, unfair and unconscionable.

23.     A study published on July 13, 2000, reported that Triclosan acts by inhibiting one of the highly conserved enzymes (enoyl-ACP reductase, or FabI) of bacterial fatty-acid biosynthesis. Several key pathogenic bacteria do not have FabI. This study described a Triclosan resistance flavoprotein, FabK such as Streptococcus pneumonia, which can cause pneumonia or the infection that causes meningitis. Richard J. Heath & Charles O. Rock, *Nature Journal*, No. 406, pp. 145-146, 7/13/00.

24.     Dial's advertising and messaging fails to mention and/or warn Plaintiff that repeated use of Dial Complete may cause her to develop bacteria immune to Tricliosan.

25.     The Journal of the Annual Meeting of the American Medical

Association ("AMA") in 2000 concluded the following:

> Conclusions: The use of common antimicrobials [i.e Triclosan] for which acquired resistance has been demonstrated in bacteria as ingredients in consumer products should be discontinued, unless data emerge to conclusively show that such resistance has no impact on public health and that such products are effective at preventing infection.   Scientific research on the issue of antimicrobial resistance must continue to elucidate gaps in knowledge, particularly with respect to the use of common antimicrobials as ingredients in consumer products and its impact on the major public health problem of antibiotic resistance.

26.   In 2010 the AMA voted to retain this recommendation as still relevant.

27.   On March 20, 2001, Defendant received Patent No. US  6,204,230: *An antibacterial composition that has a 99% reduction in Gram positive and Gram negative bacteria.*  According to the patent application, the composition including Triclosan was tested against only four bacteria, **nowhere near 99% of the bacteria that is known to exist.**

28.   In March 2004, a study published in the *American Journal of Infection Control* concluded that, after testing the efficacy of 14 different hand hygiene agents including a hand wash with 1% Triclosan, washing with plain soap and water was ***more effective*** than Triclosan after one wash.   Sickert-Bennett, Weber, Gergen-Teague, Sobsey, Samsa, Rutala. *American Journal of Infection Control*; pp. 67-77.

29.   An August 2004 study published in *Antimicrobial Agents and Chemotherapy* collected hand cultures in houses using liquid hand soap containing 0.2% Triclosan (Dial Complete contains 0.2% Triclosan) to observe the presence of bacteria.   The study found that little evidence supported the notion that 0.2% Triclosan soap affords any benefit in the reduction of infectious symptoms, bacterial counts, or types of bacteria on the hands of individuals within the

1  household setting in the developed world.

2      30.   In reviewing 27 studies conducted over the past 30 years,
3  scientists from the University of Michigan, Columbia University, and Tufts
4  University determined that soaps containing added ingredients such as Triclosan
5  in liquid soap and Triclocarban in bar soap do not show a benefit above and
6  beyond plain soap in the consumer environment.   The scientists concluded that
7  "[t]he lack of an additional health benefit associated with the use of Triclosan-
8  containing consumer soaps over regular soap, coupled with laboratory data
9  demonstrating potential risk of selecting for drug resistance, warrants further
10 evaluation by the government." Allison Aiello, *Consumer Antibacterial Soaps:*
11 *Effective or Just Risky?* Clinical Infectious Diseases 2007; 45; S137-47.

12     31.   In 2005, the FDA concluded that antimicrobial soaps and
13 sanitizers do not reduce the risk of illness and infection in the home.   The
14 Canadian Pediatric Society and the American Medical Association have concluded
15 similarly.

16     32.   In an April 8, 2010, "Consumer Update", the FDA stated that it
17 does not have evidence that Triclosan-containing antibacterial soaps and body
18 washes provide any extra health benefit over soap and water alone.

19     33.   Despite all evidence to the contrary, Dial continues to
20 aggressively advertise Dial Complete as having substantial health benefits and
21 being more effective in its use than ordinary soap and water.   This aggressive
22 advertisement containing these deceptive, unfair, misleading, and unconscionable
23 statements effectively induced millions of consumers in the U.S. to purchase Dial
24 Complete in hopes of realizing these false gains.   These consumers exchange
25 their money for a product that they were misled by Dial into purchasing for more
26 money than plain soap.  This was Dial's intention, and the deceptive, misleading,
27 unfair, and unconscionable advertisements and messages were the means by which
28 Dial sought to achieve its end: persuading consumers to purchase Dial Complete

8

at a price premium compared to ordinary soap.

### *Plaintiff's Reliance*

34.     At all times relevant, Plaintiff heard, saw and relied upon various Dial product claims, promotions, commercials and advertisements for Dial Complete in making the decision to purchase said products.

35.     In reliance on the false, unfair, deceptive, and/or unconscionable and unfair promotional, label and advertising claims Plaintiff purchased Dial Complete.  However, unbeknownst to Plaintiff, at the time of purchase, there was, and still is, no reasonable basis  in fact or substantiation for Dial's claims that Dial Complete "kills 99.99% of germs, is the "#1 Doctor Recommended" liquid hand wash, "kills more germs than any other liquid hand soap, is "over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps", and is "over 10x more effective at killing disease-causing germs than ordinary liquid soaps."

36.     Defendant's false statements of product quality and effectiveness would cause a reasonable person to believe such statements, and did, in fact, cause the Plaintiff to believe and rely upon such statements in making the decision to purchase Dial Complete.

37.     Plaintiff specifically relied on  Dial's false, unfair, deceptive, and/or unconscionable claim that Dial Complete "kills 99.99% of germs, is the "#1 Doctor Recommended" liquid hand wash, "kills more germs than any other liquid hand soap, is "over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps", and is "over 10x more effective at killing disease-causing germs than ordinary liquid soaps."

38.     But for the false, misleading, deceptive, unfair and unconscionable statement, Plaintiff would not have purchased Dial Complete at a price premium, but instead, purchased the less expensive ordinary soap.

39.     Because Plaintiff relied upon the false, misleading, deceptive, unfair and unconscionable claims made by the Defendant, Plaintiff has been damaged in that she purchased Dial Complete and has lost the money she spent purchasing such products, including paying a price premium, while being misled about the Product benefits and she either would not have purchased such products or would not have purchased them for the price that she paid but for her belief in their health benefits as advertised and claimed by Dial.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff seeks to represent the Class defined below or class or classes further refined by the Court.

41.     Plaintiff brings the claims asserted herein on behalf of a Class defined as:

> All California residents who purchased Dial Complete products primarily for personal, family, or household use, within the statutory limitations periods applicable to the herein-alleged causes of action (including, without limitation, the period following the filing of this action). Excluded from the Class are any judicial officers presiding over this action, and Defendants, including their officers, directors and employees. (the "Class").

42.     Defendant's representations and omissions were material, were relied upon by Plaintiff and intended to be relied upon by the putative class, and resulted in damage to each and every member of the Class as alleged.

43.     The exact number of Members in the Class identified above is not known, but it is reasonable to presume that the class is so numerous that joinder of individual Members is impracticable. Dial has sold millions of soap products, including Dial Complete soaps, using the misrepresentations complained of herein and all of these consumers are presumed to have relied upon Dial's uniform written misrepresentations concerning the efficacy of Triclosan containing

antibacterial soaps and body washes.

44.    There are questions of law and fact that are common to the proposed Class, including, but not limited to, the following:

a) are the claims that Dial made and is making regarding Dial Complete false, unfair, deceptive and/or unconscionable;

b) is Dial making claims that Dial Complete has certain performance characteristics, uses or benefits that it does not have;

c) is Dial making claims that Dial Complete is of a particular standard, quality and/or grade, when it is not;

d) is Dial supplying Dial Complete not in accordance with its representations;

e) has Dial engaged in false, unfair, deceptive and/or unconscionable acts or practices in connection with a consumer transaction;

f) did Dial know at the time the consumer transaction took place that the consumer would not receive the benefit from the consumer product that Dial was claiming the consumer would receive;

g) did Dial know or should it have known that the representations and advertisements regarding Dial Complete was unsubstantiated, false and misleading;

h) did Dial engage in false, unfair, deceptive and/or unconscionable advertising;

i) did Dial use  false, unfair deceptive and/or unconscionable representations in connection with the sale of goods;

j) did Dial's representations concerning the purported supporting study cause a likelihood of confusion or

misunderstanding as to the source, sponsorship, approval or certification of goods;

k) did Dial represent that goods have a certain sponsorship, approval, characteristic, ingredient, use or benefit that they do not have;

l) did Dial represent that goods are of a particular standard, quality or grade when they are of another;

m) did Dial represent that the goods were available to the consumer for a reason that did not exist;

n) did Dial advertise goods with the intent not to sell them as advertised;

o) did Dial disparage the goods of another by false representations of fact;

p) did the Plaintiff and the Class Members that purchased Dial Complete suffer monetary damages and, if so, what is the measure of said damages;

q) are the Plaintiff and Class Members entitled to an award of punitive damages; and

r) are the Plaintiff and Class Members entitled to declaratory and injunctive relief?

45.   Plaintiff's claims are typical of the claims of the proposed Class.   Indeed, Plaintiff's claims are identical or nearly identical to Class Member's claims.

46.   Plaintiff will fairly and adequately represent and protect the interest of the proposed Class because, *inter alia*, Plaintiff's interests are not antagonistic to those of the Class, and Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

47.   The questions of law and fact common to the Class Members,

some of which are set forth above, predominate over any questions affecting only individual Class Members. Clearly, the predominate issues are whether Dial has sufficient substantiation for its claims concerning the efficacy of Dial Complete to remove 99.99% of germs through washing and whether Dial's marketing materials misrepresented the efficacy of Dial Complete at removing germs during washing. Those issues are focused on the Defendants and predominate over any questions that may arise concerning individual Class Members.

48.     Adjudicating this matter as a class action is superior to other available methods for adjudication because, *inter alia*, the expense and burden of requiring consumers to individually litigate these claims would make it impracticable or impossible for them to bring their claims.

49.     This matter is manageable as a class action. At most, the effective management of this case as a class action may require one or more simple sub-classes. However, the use of sub-classes to manage class action litigation is a common practice, and this Court is very adept at the use of sub-classes to manage class action litigation.

50.     Unless a class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiff and proposed Class Members.  Unless a class wide injunction is ordered, Defendant will continue to commit the violations alleged, and the Members of the Class and the general public will continue to be misled.

51.     Dial's unlawful conduct, including the unlawful acts described herein, and its continuing unlawful acts, are generally applicable to the Class as a whole making final injunctive relief appropriate.

//

# FIRST CAUSE OF ACTION
## For Violations of Consumers Legal Remedies Act
## California Civil Code §1750, *et seq.*

52.     Plaintiff restates each and every paragraph of this Complaint as if fully set forth herein.

53.     This cause of action is brought pursuant to California Consumers Legal Remedies Act §1750, *et. seq* (the "CLRA") .

54.     Plaintiff is a consumer as defined by the CLRA.

55.     Defendant is a supplier or seller as defined by the CLRA.

56.     Defendant's conduct described herein involves consumer transactions as defined in CLRA.

57.     Plaintiff is further given the rights to bring the suit himself under Civ. Code. §1780 and on behalf of the class under §1781

58.     Defendant has engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Civ. Code §1750, *et seq.* to the detriment of Plaintiff, members of the general public and the class.  Plaintiff, the general public and members of the Class have suffered harm as a proximate result of the wrongful conduct of Defendant as alleged herein.

59.     Defendant intentionally, knowingly and unlawfully perpetrated harm upon Plaintiff by the above-described facts. To wit, Dial has made unlawful, unsubstantiated, and patently deceptive claims that Dial Complete is proven to kill 99.99% of bacteria and being over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps.

60.     Dial makes the deceptive illness and disease prevention claims without competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields. This is especially the case when the relevant science is considered in light of the entire body of relevant and reliable scientific evidence. Dial's has no reliable

scientific evidence, including tests, analyses, research, or studies that have been conducted and evaluated in an objective manner. Instead, Defendant relies on its own self-funded and self administered study in , which is not credible when compared to the entire body of overwhelming, relevant and reliable studies to the contrary.

61.     In addition, Dial promotes that the active ingredient in Dial Complete, Triclosan, is what sets Dial Complete apart from its competition and causes Dial Complete to be effective at killing germs.  However, in actuality, the scientific studies discussed herein show that Triclosan does not enhance the effect of hand and body sanitation and, may in fact cause individuals who use Triclosan-based products to develop bacteria that is immune to Triclosan.

62.     Accordingly, DIAL violated the CLRA by engaging in the following practices proscribed by the California Consumers Legal Remedies Act, §1770(a)(2)(3) (5)(7)(8) and (9) and in consumer transactions with the Plaintiff and the Class, which were intended to result in, and did result in, the sale of Dial Complete to the Plaintiff and Putative Class:

(a)     The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(3) Misrepresenting the affiliation, connection, or association with, or certification by, another.

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

15

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(8) Disparaging the goods, services, or business of another by false or misleading representation of fact.

(9) Advertising goods or services with intent not to sell them as advertised.

63.   The Defendant's policies and practices are unlawful, unethical, oppressive, fraudulent and malicious.  The gravity of the harm to all consumers and to the general public from Defendant's policies and practices far outweighs any purported utility those policies and practices have.

64.   Pursuant to CLRA §1780(a), Plaintiff seeks and order enjoining Defendant from engaging in the methods, acts or practices alleged herein.

65.   Pursuant to CLRA §1782, if Defendant does not rectify its conduct within 30 days, Plaintiff intends to amend this Complaint to add claims for:

    a)  actual damages;

    b)  restitution of money to Plaintiff, the general public and Class members;

    c)  punitive damages;

    d)  attorneys' fees and costs; and

    e)  other relief that this Court deems proper.

## SECOND CAUSE OF ACTION
### For Violations of Unfair Business Practice Act
### California Business and Professions Code §17200 *et seq.*

65.   Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

66.   For the reasons discussed herein, Defendants have engaged in unfair competition and prohibited activities.  Unfair competition includes any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or

misleading advertising and any act prohibited by California Bus. & Prof. Code §17200 and specifically §17508(a) because defendants made: "false or misleading advertising claim, including claims that (1) purport to be based on factual, objective, or clinical evidence, (2) compare the product's effectiveness . . . to that of other brands or products, or (3) purport to be based on any fact."

67.    Plaintiff and the Class seek equitable relief and to enjoin Defendants on the terms that the Court considers reasonable.

68.    Pursuant to Cal. Bus. & Prof. Code §17200 *et seq.*, Plaintiff and the Class seek an order enjoining the above-described wrongful acts and practices of the Defendants and for restitution and disgorgement.

69.    Pursuant to Cal. Bus. & Prof. Code §17200 *et seq.,* this Complaint will be served upon the California Attorney General, and Director of Consumer Affairs.

## THIRD CAUSE OF ACTION
### For Breach of Contract

70.    Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

71.    Plaintiff and each member of the Class formed a contract with Defendant. The terms of that contract include the promises and affirmations of fact made by Defendant in its marketing and sales materials as described above, that became part of the basis of the bargain, and are part of a standardized contract between Plaintiffs and members of the Class on the one hand, and Defendant on the other.

72.    Plaintiff performed all, or substantially all, of the significant things that the contract required her to do by tendering payment for the Dial Complete.

73.    Defendant breached the terms of its sales contract with Plaintiff and members of the Class by promising to provide a Dial Complete product that

17

conformed to the promises and affirmations of fact replete throughout Defendant's aggressive sales and marketing materials, but then failed to provide a product measuring up to these promises and affirmations of fact.

74.    As a result of Defendant's breach of their contract, Plaintiff and the other members of the Class have been damaged.

## FOURTH CAUSE OF ACTION
### For Unjust Enrichment

75.    Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

76.    Plaintiff argues, in the alternative to a finding of Breach of Contract, that it is unjust to allow Defendant to retain the profits from its deceptive, misleading, and, unlawful conduct alleged herein without providing compensation to Plaintiff and the Class Members.

77.    Defendant's deceptive, misleading, and unlawful advertisements and other communications wrongly induced Plaintiff into purchasing Defendant's Dial Complete, the proceeds of which went unjustly to Defendant.  Defendant retained the benefits of this (these) purchase(s) without compensating Plaintiff, who conferred this (these) benefits on Defendant.

78.    Defendant's conduct created between Defendant and Plaintiff a quasi-contract, through which Defendant received a benefit from Plaintiff without providing compensation to Plaintiff in exchange.

79.    Plaintiff sustained a loss because Plaintiff did not receive the benefit for which he paid – an antibacterial hand soap that conformed to the performance promised throughout Defendant's advertisements, commercials, and other media communications. Defendant received a gain because it accepted payment; this gain is unjust because Defendant did not provide in exchange for the payment a product that conformed to Defendant's promises.

80.     Plaintiff and the Class Members are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon, all profits, benefits, and other compensation obtained by the Defendants from their deceptive, misleading, and unlawful conduct.

### FIFTH CAUSE OF ACTION
### For Common Law Fraud

81.     Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

82.     Defendants have made misrepresentations and omissions of facts material to Plaintiff's and Class members' decisions to purchase Dial Complete as set forth in detail above by using deceptive, misleading, and unlawful advertisements and other communications, and through its omissions of fact, to wrongly induce Plaintiff into purchasing Defendant's Dial Complete.

83.     Defendants knew at the time that it made these misrepresentations and omissions that they were false or that Defendants had failed to disclose facts it was obligated to disclose in order to make its other representations not misleading. Defendants were aware that Plaintiff and class members would rely on these misrepresentations and omissions, and that such representations were material in the Plaintiff's and class members' decisions to purchase Dial Complete.

84.     Plaintiff and the Class reasonably relied upon Defendants' misrepresentations and omissions of material fact. Plaintiff and the Class had no reason to doubt the veracity or validity of the information Defendants have promoted through its marketing and sales strategies.

85.     Defendants' misrepresentations and omissions of material fact directly and proximately caused Plaintiff's and the Class's damages.

86.     By virtue of the fraud they perpetrated on Plaintiff and the Class, Defendants are liable to Plaintiff and the Class for all damages Plaintiff and the

Class have sustained, plus punitive damages, plus the cost of this suit, including attorney's fees.

## SIXTH CAUSE OF ACTION
### For Breach of Warranty

87.    Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

88.    Defendant asserts promises and affirmations of fact throughout its advertisement of Dial Complete. The Statements described in detail in the previous paragraphs were each designed to induce in Plaintiff a belief that the Dial Complete was superior in both quality and effectiveness. The specific statements and facts prevalent throughout Defendant's advertisements were more than just mere puffery; they were orchestrated to produce a reliance in Plaintiffs on these misrepresentations when deciding to purchase the Dial Complete. Moreover, these promises and affirmations of fact were not merely Defendant's opinion on its own product; rather, these promises and affirmations allegedly are the product of a scientific study and conclusive evidence.

89.    Dial breached the applicable warranties, express and implied, and is therefore liable to Plaintiff by failing to provide a product that conformed to its promises and affirmations; specifically, a product that kills 99.99% of bacteria, kill 99.9% of illness-causing bacteria, is over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps, reduces transmission of diseases by 50% compared to washing with a plain soap, and otherwise prevents and protects consumers from contracting illnesses and diseases.

90.    As a direct and proximate result of Defendants' warranty breach, the named Plaintiff and the Class Members were caused to suffer and continue to suffer immediate damages and loss in the form of purchasing a product to ensure their health and safety when in fact said product does not have the health and other

benefits advertised and warranted by Dial.

### PRAYER FOR RELIEF

**WHEREFORE**, the representative Plaintiff, on behalf of herself and the Members of the Class defined herein, prays for judgment against the Defendant as follows:

A.   For an order certifying this action and/or common issues raised herein as a "Class Action under the appropriate provision of Federal Rule of Civil Procedure 23; designating Class Representatives; and appointing the undersigned to serve as Class counsel.

B.   For notice of class certification and of any relief to be disseminated to all Class Members and for such other further notices as this Court deems appropriated under Fed. R. Civ. P. 23(d)(2);

C.   For an order requiring complete and immediate disclosure of all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of Defendant concerning, relating to, or involving the purported effectiveness of Dial Complete;

D.   For an order barring Defendant from destroying or removing any computer or similar records that record evidence related to the purported health benefits of Dial Complete;

E.   For an order barring Defendant from attempting, on its own or through its agents, to induce any putative Class Members to sign any documents which in any way releases any of the claims of any Putative Class Members;

F.   For an award of compensatory damages in the amount to be

determined for all injuries and damages described herein;

G.   For an award of punitive damages to the extent allowable by law, in an amount to be proven at trial;

H.   Awarding restitution and disgorgement of Dial's revenues to the Plaintiff and the proposed Class Members;

I.   Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by the Court to be wrongful;

J.   Compelling Dial to engage in a corrective advertising campaign; K. Awarding attorney fees and costs; and

K.   Providing such other relief as may be just and proper.

DATED: May 12, 2011                          GERAGOS & GERAGOS, APC

                                             By: _____
                                                 SHELLEY KAUFMAN
                                                 Attorneys for Plaintiff and the
                                                 Proposed Class

# DEMAND FOR JURY TRIAL

Plaintiff, and all others similarly situated, hereby demand a trial by jury herein.


DATED: May 12, 2011

GERAGOS & GERAGOS, APC

By: _____
SHELLEY KAUFMAN
*Attorneys for Plaintiff and the
Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 4146 RSWL (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Mark J. Geragos (SBN108325), Shelley Kaufman
SBN 100696), Tamar G. Arminak (SBN 238677)
Geragos & Geragos, APC
644 S. Figueroa St, Los Angeles, CA 90017-3411
geragos@geragos.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SONIA HERRERA, individually and on behalf of all
others similarly situated,

                                    PLAINTIFF(S)

                    v.

THE DIAL CORPORATION, an Arizona corporation,

                                    DEFENDANT(S).

CASE NUMBER

CV11-4146-RSWL (VBKx)

**SUMMONS**

TO:    DEFENDANT(S): THE DIAL CORPORATION, an Arizona corporation,

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, Mark J. Geragos & Shelley Kaufman , whose address is
Geragos & Geragos, APC, 644 S. Figueroa St, Los Angeles, CA 90017-3411 . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                    Clerk, U.S. District Court

Dated: May 13, 2011            By: _____
                                        Deputy Clerk

                                        (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

Name & Address:
Mark J. Geragos (SBN108325), Shelley Kaufman
SBN 100696), Tamar G. Arminak (SBN 238677)
Geragos & Geragos, APC
644 S. Figueroa St, Los Angeles, CA 90017-3411
geragos@geragos.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA HERRERA, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>CV11-4.146 RSWL (VBKₓ) |
| THE DIAL CORPORATION, an Arizona corporation,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S): THE DIAL CORPORATION, an Arizona corporation,

      A lawsuit has been filed against you.

      Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Mark J. Geragos & Shelley Kaufman , whose address is Geragos & Geragos, APC, 644 S. Figueroa St, Los Angeles, CA 90017-3411 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                    Clerk, U.S. District Court

Dated: ____MAY 1 3 2011____         By: _SUSANA P. BUSTAMANTE_  **S E A L**
                                         Deputy Clerk

                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                         SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SONIA HERRERA, individually and on behalf of all others similarly situated,

**DEFENDANTS**
THE DIAL CORPORATION, an Arizona corporation,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mark J. Geragos (SBN108325), Shelley Kaufman  (SBN 100696)
Tamar G. Arminak (SBN 238677) Geragos & Geragos, APC
644 S. Figueroa St, Los Angeles, CA 90017-3411, geragos@geragos.com

Attorneys (If Known)
Not known

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No      ☐ MONEY DEMANDED IN COMPLAINT: $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☑ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions |  |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land |  |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-4146 -SVW (VBKx)

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
      ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
      ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of landinvolved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _~Shelley~_   Date May 13, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |